UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DOUGLAS R. WOOD, individually and as Personal Representative of the ESTATE OF STEPHEN RAY WOOD, and GREGORY S. WOOD,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY and NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No. 1:15-CV-260-JVB |

**OPINION AND ORDER**

This matter is before the Court on Defendant United of Omaha's Motion to Dismiss (DE 15). For the following reasons, Count I of Plaintiffs' complaint is dismissed with leave to amend.

**A. Background**

Plaintiffs are the estate of Stephen Wood ("Wood") and his sons. Defendants are United of Omaha ("Omaha") and Northwestern Mutual ("Northwestern"), two life insurance companies with whom Wood did business. Plaintiffs are suing Defendants under Indiana state law for breach of contract and negligence, respectively. This Court has jurisdiction under 28 U.S.C. § 1332(a) because the parties have diverse citizenship and the amount in controversy exceeds $75,000.

The relevant allegations in Plaintiffs' complaint are as follows. In early 2013, Wood purchased a life insurance policy from Omaha with a single premium payment of $400,000. (Compl. at 4 ¶12.) In December 2013, he discovered that although he intended his adult sons

1

and fiancée to be beneficiaries, only his fiancée was actually listed on the policy. (Compl. at 4–5 ¶15.) He arranged with a Northwestern insurance agent to have the necessary written request sent to Omaha in order to cancel his Omaha policy and transfer it to Northwestern. (Compl. at 6 ¶21.) The $400,000 surrender value of the Omaha policy would then be used to purchase two Northwestern policies providing benefits for his sons and his fiancée. (Compl. at 5 ¶16–20.)

Shortly thereafter, on December 24, 2013, Wood died. (Compl. Ex. A at 2.) Omaha received Wood's written request to transfer the policy on December 30. (Compl. at 6 ¶23.) Nonetheless, on January 14, 2014, Omaha paid Wood's fiancée the full $400,000 amount of the policy. (Compl. at 6 ¶23.)

Plaintiffs are now suing both Northwestern and Omaha for the amount they would have received had Wood's instructions been followed, as well as punitive damages. (Compl. at 8 ¶¶36, 38.) They allege that Omaha breached the policy agreement by not transferring the policy upon receiving the written request. (Count I, Compl. at 7.) They also allege that Northwestern was negligent in not taking sufficient action to ensure transfer of the policy. (Count II, Compl. at 8.)

**B. Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the pleading's sufficiency, not to decide the merits. *See Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is facially plausible if a

court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged misconduct. *Id*. When a court reviews a motion to dismiss under Rule 12(b)(6), it views all well-pleaded allegations in the light most favorable to the plaintiff. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir.2009).

**C. Discussion**

Omaha's motion to dismiss raises two arguments: first, that the policy specified that any duties to Wood were extinguished upon his death, and second, that Plaintiffs failed to plead that Wood satisfied the requirements for a valid transfer request under the policy. For the following reasons, the Court rejects the first argument and accepts the second.

**(1)     Omaha has not established that its alleged obligation to honor Wood's transfer request ceased upon his death**

Omaha argues that under the policy's terms, all duties to Wood were extinguished upon his death. The policy agreement informs the policyholder that "your rights of ownership end at your death," including the right to receive payments. (Compl. Ex. B. at 13.) According to Omaha, this necessarily includes the right to cancel the agreement, because cancellation entails payment of the surrender value. Thus, Omaha argues, the transfer request became void when Wood died, even if the request was otherwise valid.

But Omaha's proposed reading has unsettling results. This reading implies, for example, that even if Wood had gone to Omaha's headquarters to deliver all the documents needed for a policy transfer, and then died while driving home, his death would instantly extinguish Omaha's duty to complete the transfer. Under Indiana law, "a contract will not be interpreted literally if doing so would produce absurd results." *Beanstalk Grp., Inc. v. AM Gen. Corp.*, 283 F.3d 856, 860 (7th Cir. 2002). This principle does not preclude finding that parties bargained for an unusual result, if there is evidence to support such a finding. *Id*. But

3

at this stage of the proceedings, at which the Court is bound to view the facts in the light most favorable to Plaintiffs, the Court reads the policy agreement as simply limiting duties to Wood's estate involving the ordinary payment of benefits under the policy, and not as posthumously voiding a duly-made transfer request.

Accordingly, the complaint is not subject to dismissal on this basis.

**(2)     The complaint fails to state that conditions precedent have been satisfied**

The Omaha policy specified two requirements for cancellation: a written request from the policyholder, and return of the policy to Omaha. (Compl. Ex. B. at 9.) The complaint alleges that the written request was sent, but not that the policy itself was returned. Accordingly, Omaha argues that Plaintiffs have not stated a claim for breach of contract, because Plaintiffs have not alleged that the conditions were met for a valid cancellation request.

Under the Federal Rules, "it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). But Rule 9(c) still requires a plaintiff to at least make this general allegation. Plaintiffs' complaint does not allege either generally or specifically that the policy's conditions for cancellation were satisfied. Accordingly, the complaint does not support an inference that Omaha breached the contract when it failed to cancel the policy. Count I of the complaint accordingly fails to state a claim against Omaha upon which relief can be granted.

The parties additionally dispute both the meaning of "return" under this provision of the policy and the degree of compliance with this provision that would be necessary to trigger Omaha's obligation to cancel the policy. These disputes go to the question of which acts would have satisfied the policy's requirements under Indiana law. As a general matter, Indiana courts require strict compliance with insurance policy provisions involving the

change or removal of a beneficiary. *Cook v. Equitable Life Assur. Soc. of U. S.*, 428 N.E.2d 110, 115 (Ind. Ct. App. 1981). But Indiana also recognizes substantial compliance when a policyholder has done all he can to comply. *Bowers v. Kushnick*, 774 N.E.2d 884, 887 (Ind. 2002). Applying those rules to this case, even if Wood did not return the policy to Omaha, that failure would not necessarily void his request to transfer or cancel a policy. Rather, under Indiana law the transfer request might still be valid if Wood did everything in his power to make a valid request.

This question of the necessary degree of compliance has not been sufficiently developed for the Court to resolve it at this stage. First, as stated above, the complaint does not sufficiently allege compliance at all. Second, even if compliance had been alleged, there is not yet evidence in the record to establish Wood's actual degree of compliance, so there is no way to measure it against the Indiana standard.

**D. Conclusion**

For the reasons above, pursuant to Rule 12(b)(6), the Court DISMISSES Count I of Plaintiffs' complaint (DE 1). Pursuant to Rule 15(a)(2), the Court gives Plaintiffs leave to amend their complaint no later than June 17, 2016.

SO ORDERED on May 19, 2016.

                                    S/ Joseph S. Van Bokkelen
                                    JOSEPH S. VAN BOKKELEN
                                    UNITED STATES DISTRICT JUDGE